**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THOMAS ELLINGTON, | : | |
| Plaintiff, | : | Civil No. 06-6096 (RMB) |
| v. | : | |
| RAYMOND E. MILAVSKY, | : | **O P I N I O N** |
| Defendant. | : | |

**APPEARANCES:**

> THOMAS ELLINGTON, Plaintiff pro se
> #L-26799
> Marion Correctional Institution
> Lowell, Florida 32663

**Renée Marie Bumb, District Judge**

THIS MATTER has come before the Court upon Plaintiff's filing of a complaint, pursuant to 42 U.S.C. § 1983, and submission of Plaintiff's application to proceed in forma pauperis. In his Complaint, Plaintiff asserts that, on September 5, 1991, the Office of Prosecutor of Burlington County, New Jersey, charged Plaintiff with a sexual assault. See Compl. at 2. Plaintiff further asserts that this 1991 charge was prosecuted causing Plaintiff's conviction and three years of imprisonment, which Plaintiff fully served as of the time of Plaintiff's filing of the instant complaint. See id.

Plaintiff now challenges his 1991 conviction alleging that the offense underlying that conviction took place in 1985, and the applicable statute of limitation should have prevented the entry of Plaintiff's 1991 criminal charges. See id. Naming Raymond Milavsky, a prosecutor during Plaintiff's 1991 criminal proceedings, as Defendant in this action, Plaintiff now seeks reversal of his 1991 conviction and monetary damages. See id. at 1, 3.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See

Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.  Thus, "[a] pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed"). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff's conviction in the 1991 criminal case deprived him of liberty in violation of due process of law.

However, all Plaintiff's claims against the prosecutor of Plaintiff's 1991 criminal case are barred because prosecutors are absolutely immune from any action under § 1983 for "initiating and pursuing a criminal prosecution." Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

Moreover, the exclusive federal remedy for an inmate challenging the fact of his current confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriquez, 411 U.S. 475 (1973); see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987). Consequently, to the extent that Plaintiff seeks declaratory and injunctive relief, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his 1991 criminal conviction. See Heck v. Humphrey, 512 U.S. 477 (1994).[1] Similarly, in the event a § 1983 plaintiff is challenging his conviction that resulted in an already fully served sentence, Plaintiff's sole federal remedy is a writ of coram nobis. The United States Court of Appeals for the Third Circuit stated that

---

[1] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-7.

> "[t]he writ of error <u>coram</u> <u>nobis</u> . . . is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and is no longer 'in custody' for purposes of 28 U.S.C. § 2255." . . . <u>Coram</u> <u>nobis</u> is an extraordinary remedy, and a court's jurisdiction to grant relief is of limited scope. [<u>See</u>] <u>United States v. Cariola</u>, 323 F.2d 180, 184 (3d Cir. 1963). "The interest in finality of judgments dictates that the standard for a successful collateral attack on a conviction be more stringent than the standard applicable on a direct appeal." <u>United States v. Gross</u>, 614 F.2d 365, 368 (3d Cir. 1980). It is even more stringent than that on a petitioner seeking habeas corpus relief under § 2255. <u>See</u> <u>United States v. Osser</u>, 864 F.2d 1056, 1060-61 (3d Cir. 1988); <u>United States v. Keogh</u>, 391 F.2d 138, 148 (2d Cir. 1968) (unlike habeas, where part of sentence remained unserved, no opportunity or incentive in <u>coram</u> <u>nobis</u> setting to retry defendant using newly discovered evidence where sentence already served). <u>Stoneman</u>, 870 F.2d at 106. Thus, [the] courts have set out three requirements for a writ of error <u>coram nobis</u>: (1) the petitioner must no longer be "in custody," <u>see</u> <u>Obado</u>, 328 F.3d at 718; (2) the petitioner must be attacking a conviction with "continuing penalties" or "collateral consequences" to the petitioner, [<u>see</u>] <u>Osser</u>, 864 F.2d at 1059; and (3) (3) the error the petitioner seeks to correct is a "fundamental error" for which "there was no remedy available at the time of trial and where 'sound reasons' exist for failing to seek relief earlier[.]" [<u>S</u>]<u>ee</u> <u>Stoneman</u>, 870 F.2d at 106 (citation omitted).

<u>Evola v. AG of the United States</u>, 2006 U.S. App. LEXIS 18863, at *4-8 (3d Cir. N.J. July 26, 2006).

Plaintiff's allegations in the instant Complaint do not indicate that Plaintiff's 1991 criminal conviction was overturned or invalidated in the state courts, or called into question by the issuance of a writ of <u>habeas</u> <u>corpus</u> or a writ of <u>coram</u> <u>nobis</u>. Consequently, Plaintiff's challenge to the outcome of his 1991

6

criminal proceedings is not currently cognizable under § 1983 and should be dismissed.

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**

Dated: January 3, 2007